UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAXIMO AGUILAR or "BRANDON MAX AGUILAR," | § | |
| **Plaintiff,** | § | |
| | § | 3:24-CV-00219-LS |
| v. | § | |
| | § | |
| JEFF RAGO HEREIN "JEFF" BEING SUED IN HIS INDIVIDUAL CAPACITIES AND OFFICIAL CAPACITIES & JUDGE EDUARDO A GAMBOA HEREIN "EDUARDO" BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Brandon Max Aguilar's mother hired a private attorney to obtain a state court guardianship order because of Mr. Aguilar's "diminished capacity" arising from Schizophrenia.[1] Mr. Aguilar opposes the guardianship and sues his mother's private attorney and the presiding state probate judge.

I.      **Section 1915 Screening.**

Mr. Aguilar proceeds *in forma pauperis* so his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That section provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] Compl., ECF No. 1-1 at 2–3, 68, 71.
[2] 28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is frivolous if it "lacks an arguable basis in law or fact."[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

## II.   Claims Against Judge Gamboa.

Mr. Aguilar's § 1983[9] monetary damages claim against Judge Gamboa, the presiding state probate judge, is frivolous and asserted against an immune defendant. Judges enjoy absolute immunity for judicial acts performed in judicial proceedings.[10] Mr. Aguilar alleges in this case that Judge Gamboa capitalized Mr. Aguilar's name in a pleading, set a hearing in the guardianship case, and took more than one week to rule on Mr. Aguilar's jurisdictional challenge.[11] These allegations do not state a viable § 1983 monetary damages claim and describe judicial acts within the

---

[3] *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).
[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[9] 42 U.S.C. § 1983.
[10] *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).
[11] Compl., ECF No. 1-1 at 2–3.

guardianship proceeding for which Judge Gamboa has absolute immunity.[12] Moreover, § 1983 does not provide for injunctive relief against judges acting within their judicial capacity.[13] Accordingly, Mr. Aguilar's § 1983 claim against Judge Gamboa must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

### III.    Claims Against Mr. Rago.

Mr. Aguilar's § 1983 claim against Mr. Rago, his mother's private attorney, also fails because he alleges that Mr. Rago, along with Judge Gamboa, capitalized Mr. Aguilar's name. This allegation does not assert a viable § 1983 claim and I discern no other factual allegations as to Mr. Rago. Accordingly, Mr. Aguilar's § 1983 claim against Mr. Rago must be dismissed under 28 U.S.C.§ 1915(e)(2)(B)(ii) for failure to state a claim.

With no viable § 1983 claim against either defendant, there is no federal question jurisdiction. Mr. Aguilar asserts a Texas state law intentional infliction of emotion distress ("IIED") claim against Mr. Rago but does not assert diversity jurisdiction nor allege facts supporting such jurisdiction. He also alleges no facts whatsoever to support his IIED claim. Accordingly, this Court has no jurisdiction over any IIED claim against either defendant, even if Mr. Aguilar had alleged a viable IIED claim, which he did not.

### IV.    Leave to Amend.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before his case is dismissed.[14] Therefore, the Court grants Mr. Aguilar leave to amend his complaint to remedy the infirmities described above.

---

[12] *Davis v. Tarrant County Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) ("Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

[13] 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

[14] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

**Conclusion.**

Mr. Aguilar's complaint is **DISMISSED** and he must file any amended complaint on or before September 2, 2024.

**SO ORDERED.**

**SIGNED** and **ENTERED** August 18, 2024.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**